**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-7720**

MARVIN EARL WILLIAMS, JR.,

                    Petitioner – Appellant,

          v.

WILLIAM  STANLEY,  Superintendent,  Johnston  Correctional
Institution,

                    Respondent - Appellee.

Appeal  from  the  United  States  District  Court  for  the  Eastern
District  of  North  Carolina,  at  Raleigh.    James  C.  Fox,  Senior
District  Judge.  (5:99-hc-00123-F)

Submitted:  July 31, 2014            Decided:  August 20, 2014

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary  Sheehan  Pollard,  Nicholas  Collins  Woomer-Deters,  NORTH
CAROLINA PRISONER LEGAL SERVICES, INC., Raleigh, North Carolina,
for Appellant.   Sandra Wallace-Smith, NORTH CAROLINA DEPARTMENT
OF JUSTICE, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marvin Earl Williams, Jr., was convicted in North Carolina state court of first-degree murder, burglary with explosives, and safecracking, and he was sentenced to death.[*] Following state direct appeal and post-conviction proceedings, Williams filed a 28 U.S.C. § 2254 (2012) petition, raising numerous claims. The district court granted summary judgment against Williams as to all claims, but it granted a certificate of appealability as to one claim: that trial counsel was ineffective in failing to move for a mistrial or a hearing following a juror's request to be excused from the jury. On appeal, Williams challenges the district court's denial of relief on that claim without an evidentiary hearing. For the reasons that follow, we affirm.

A federal court may grant habeas corpus relief on a claim adjudicated on the merits by a state court only if the state court's ruling was either (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d).

---

[*] The North Carolina Superior Court has since vacated Williams' death sentence and imposed a sentence of life imprisonment, on grounds unrelated to this appeal.

We review for abuse of discretion the decision to deny an evidentiary hearing in a § 2254 proceeding. Wolfe v. Johnson, 565 F.3d 140, 160 (4th Cir. 2009).

> We have recognized that a habeas petitioner
>
> who has diligently pursued his habeas corpus claim in state court is entitled to an evidentiary hearing in federal court, on facts not previously developed in the state court proceedings, if the facts alleged would entitle him to relief, and if he satisfies one of the six factors enumerated by the Supreme Court in Townsend v. Sain, 372 U.S. 293, 313 (1963).

Wolfe, 565 F.3d at 168 (internal quotation marks omitted); see Townsend, 372 U.S. at 313 (listing factors). In making this determination, the reviewing court evaluates the petition under the standards applicable to a Fed. R. Civ. P. 12(b)(6) motion to dismiss. Conaway v. Polk, 453 F.3d 567, 582 (4th Cir. 2006); see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007) (stating Rule 12(b)(6) standard).

On appeal, Williams does not allege that the facts presented to the district court relative to the motion for summary judgment entitle him to habeas relief. Nor does he fairly challenge the district court's consideration of his claim under § 2254(d)'s deferential standard of review. Rather, he argues that the district court erred in failing to hold an evidentiary hearing, as he has both alleged facts which, if true, are sufficient to warrant habeas relief and met several

3

Townsend factors. By way of relief, he seeks only a remand to the district court for an evidentiary hearing.

Even assuming Williams can meet the Townsend test, however, he faces another hurdle to his request for a hearing. The Supreme Court has held that "[i]f a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." Cullen v. Pinholster, 131 S. Ct. 1388, 1400 (2011). In such a circumstance, any evidentiary hearing in federal court is unwarranted, as new evidence adduced during such a hearing could not be considered in making the determination under § 2254(d)(1). Id. at 1399-400.

We have reviewed the record and submissions of the parties and conclude that the district court properly determined that the state court adjudicated Williams' claim on the merits. See Winston v. Pearson, 683 F.3d 489, 502 (4th Cir. 2012). Thus, under Pinholster, Williams is not entitled to adduce evidence to support a claim under § 2254(d)(1). Moreover, under § 2254(d)(2), the court may only grant habeas relief when the state court's factual determination was unreasonable "in light of the evidence presented in the State court proceeding." Any new evidence presented at an evidentiary hearing would not entitle Williams to relief on his claim under § 2254(d)(2).

4

Because Williams is not entitled to the only relief he seeks on appeal, we affirm the district court's judgment. We deny Williams' motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED